**[ORAL ARGUMENT NOT SCHEDULED]**

# No. 22-5200

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————

### WILLIAM E. POWELL,

**Plaintiff-Appellant**

v.

### JANET L. YELLEN, in her official capacity as Secretary of the Department of the Treasury, UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, and DANIEL I. WERFEL, in his official capacity as Commissioner of the Internal Revenue Service,

**Defendants-Appellees**

————————————

## ON APPEAL FROM THE ORDER OF THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

————————————

## ANSWERING BRIEF FOR APPELLEES

————————————

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

JACOB CHRISTENSEN          (202) 307-0878
MATTHEW S. JOHNSHOY        (202) 616-1908
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
MATTHEW M. GRAVES
  *United States Attorney*

-i-

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A.    Parties and Amici**.  The plaintiff in the District Court and appellant in this Court is William E. Powell.  The defendants in the District Court and appellees in this Court are Janet L. Yellen, in her official capacity as Secretary of the United States Department of the Treasury, the United States Department of the Treasury, the Internal Revenue Service, and Daniel I. Werfel, in his official capacity as the Commissioner of the Internal Revenue Service.[1]  There were no amici or intervenors appearing before the District Court.  On February 1, 2023, this Court appointed Anthony F. Shelley as amicus curiae in support of appellant's position.  No other amici or intervenors have appeared before this Court.

**B.    Rulings Under Review**.  The ruling under review is the District Court's (Judge James E. Boasberg) order of June 30, 2022, dismissing the complaint for lack of subject matter jurisdiction (AA11).  The District Court entered an accompanying memorandum opinion on

---

[1] David I. Werfel is the current Commissioner of Internal Revenue, and so he has been substituted for his predecessor, Charles Paul Rettig.  *See* Fed. R. App. P. 43(c)(2).

the same day (AA06–10) for which no official citation exists, but which is reported by Westlaw at *Powell v. Yellen*, No. 21-cv-2946, 2022 WL 2355419 (D.D.C. June 30, 2022).

**C.    Related Cases**.  This case was not previously before this Court or any other United States court of appeals or any other court in the District of Columbia.  A related case is *Powell v. IRS*, No. 21-cv-2838, 2022 WL 4009971 (D.D.C. Aug. 29, 2022), *aff'd*, No. 22-5232, 2023 WL 3729964 (D.C. Cir. May 31, 2023).

-iii-

# TABLE OF CONTENTS

**Page**

Certificate as to parties, rulings, and related cases ..................................i

Table of contents.......................................................................... iii

Table of authorities ....................................................................... v

Glossary .................................................................................. xi

Statement of jurisdiction................................................................1

Statutes and regulations..................................................................2

Statement of the issue....................................................................2

Statement of the case ....................................................................3

     A.    The Complaint .....................................................3

     B.    The District Court's opinion ..........................................6

     C.    The appellate proceedings before this Court.................7

Summary of argument ...................................................................8

Argument .................................................................................9

     This Court should affirm the District Court's dismissal of the complaint because Powell failed to state a claim upon which relief can be granted under 26 U.S.C. § 6103 and the Administrative Procedure Act ..................................9

     Standard of Review ................................................................9

     A.    The relevant statutory framework..............................11

     B.    The APA does not provide a cause of action to enforce the production of tax records under 26 U.S.C. § 6103 because FOIA provides an adequate remedy ..................................................................13

          1.    Section 6103 does not supersede FOIA .............14

          2.    FOIA provides an adequate remedy that precludes APA review.........................................17

-iv-

       3.     Powell's bifurcation argument is meritless ........21

Conclusion ...........................................................................25
Certificate of compliance ..................................................26
Addendum ............................................................................27

# TABLE OF AUTHORITIES

**Cases:**                                                                     **Page(s)**

*Block v. Community Nutrition Inst.*,
    467 U.S. 340 (1984) ................................................................ 13

*Center for Nat'l Security Studies v. U.S. Dep't of*
    *Justice*,
    331 F.3d 918 (D.C. Cir. 2003) .............................................. 11

*Cheek v. IRS*,
    703 F.2d 271 (7th Cir.1983) .................................................. 23

*Church of Scientology of California v. IRS*,
    484 U.S. 9 (1987) .................................................................. 22

*Church of Scientology of California v. IRS*,
    792 F.2d 146 (D.C. Cir. 1986) ...................... 10, 12, 13, 14, 15,
                                                                16, 17, 21, 22, 23

*Citizens for Responsibility & Ethics in Washington v.*
    *U.S. Dep't of Justice*,
    846 F.3d 1235 (D.C. Cir. 2017) ............................ 11, 13, 18, 19

*Currie v. IRS*,
    704 F.2d 523 (11th Cir. 1983) ................................................ 17

*DeSalvo v. IRS*,
    861 F.2d 1217 (10th Cir. 1988) .............................................. 17

*E.E.O.C. v. St. Francis Xavier Parochial Sch.*,
    117 F.3d 621 (D.C. Cir. 1997) ................................................ 9

*El Rio Santa Cruz Neighborhood Health Center v. U.S.*
    *Dep't of Health & Human Servs.*,
    396 F.3d 1265 (D.C. Cir. 2005) ............................................ 18

**Cases (cont'd):**                                                **Page(s)**

*Electronic Privacy Info. Center v. IRS*,
    910 F.3d 1232 (D.C. Cir. 2018) ...................... 10, 11, 12, 13, 18

*Grasso v. IRS*,
    785 F.2d 70 (3d Cir. 1986) ............................... 16, 19

*Kim v. United States*,
    632 F.3d 713 (D.C. Cir. 2011) ................................... 9

*King v. IRS*,
    688 F.2d 488 (7th Cir. 1982) ........................... 15, 23

*Lake v. Rubin*,
    162 F.3d 113 (D.C. Cir. 1998) ......................... 21, 23

*Linsteadt v. IRS*,
    729 F.2d 998 (5th Cir. 1984) ............................... 16

*Long v. IRS*,
    742 F.2d 1173 (9th Cir. 1984) .............................. 16

*Maxwell v. Snow*,
    409 F.3d 354 (D.C. Cir. 2005) ................. 10, 13, 16, 17, 23, 24

*Montgomery v. IRS*,
    40 F.4th 702 (D.C. Cir. 2022) ................................. 18

*Morrison v. Nat'l Australia Bank Ltd.*,
    561 U.S. 247 (2010) .......................................... 11

*Powell v. IRS*,
    No. 14-cv-12626, 2015 WL 5271943 (E.D. Mich.
    Sept. 9, 2015) .................................................... 3, 20

*Powell v. IRS*,
    No. 15-cv-11033, 2016 WL 7473446 (E.D. Mich.
    Dec. 29, 2016) ........................................................ 3

**Cases (cont'd):** **Page(s)**

*Powell v. IRS*,
   No. 15-cv-11616, 2016 WL 5539777 (E.D. Mich.
   Sept. 30, 2016) ........................................................................ 3

*Powell v. IRS*,
   No. 16-cv-1682, 2017 WL 2799934 (D.D.C. Jan.
   24, 2017) ................................................................................ 4

*Powell v. IRS*,
   No. 16-cv-1682, 280 F. Supp. 3d 155 (D.D.C.
   2017) .................................................................................. 3, 5

*Powell v. IRS*,
   No. 17-cv-278, 2019 WL 4247246 (D.D.C. Sept. 6,
   2019) ................................................................................ 3, 20

*Powell v. IRS*,
   No. 17-cv-278, 317 F. Supp. 3d 266 (D.D.C. 2018) ............... 20

*Powell v. IRS*,
   No. 18-cv-2675, 2020 WL 3605774 (D.D.C. July 2,
   2020) ................................................................................ 5, 20

*Powell v. IRS*,
   No. 18-cv-2675, 2020 WL 7024229 (D.D.C. Nov.
   30, 2020) ........................................................................... 5, 20

*Powell v. IRS*,
   No. 18-cv-2675, 2021 WL 1061528 (D.D.C. Mar.
   18, 2021) ............................................................................. 3, 5

*Powell v. IRS*,
   No. 18-cv-453, 2019 WL 1980973 (D.D.C. May 3,
   2019) ................................................................................ 3, 20

**Cases (cont'd):**                                                        **Page(s)**

*Powell v. IRS*,
  No. 21-cv-2838, 2022 WL 4009971 (D.D.C. Aug.
  29, 2022) ................................................................................. 3

*Tax Analysts v. IRS*,
  117 F.3d 607 (D.C. Cir. 1997) ................................................ 12

*Trudeau v. Federal Trade Commission*,
  456 F.3d 178 (D.C. Cir. 2006) ..................................... 9, 10, 11

*White v. IRS*,
  707 F.2d 897 (6th Cir. 1983) ................................................. 15

*Zale Corp. v. IRS*,
  481 F. Supp. 486 (D.D.C. 1979) ........................... 14, 15, 17, 23

**Statutes:**

5 U.S.C.:

§ 552 ...................................................................................... 3

§ 552(a)(3)(A) ...................................................................... 11

§ 552(a)(4)(B) ................................................................. 11, 18

§ 552(b) ................................................................................ 12

§ 552(b)(1) ........................................................................... 12

§ 552(b)(2) ........................................................................... 12

§ 552(b)(3) .................................................................. 12, 15, 16

§ 552(b)(4) ........................................................................... 12

§ 552(b)(5) ........................................................................... 12

5 U.S.C. § 552(b)(6) ........................................................... 12

5 U.S.C. § 552(b)(7) ........................................................... 12

**Statutes (cont'd):**                                                    **Page(s)**

5 U.S.C. (cont'd):

§ 552(b)(8) ........................................................................... 12

§ 552(b)(9) ........................................................................... 12

§ 552a ................................................................................... 3

§ 702 ............................................................................. 10, 13

§ 704 ....................................................... 10, 13, 17, 18, 19

§ 706(2)(A) .......................................................................... 19

26 U.S.C.:

§ 6103 ........................................ 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13,
                                           14, 15, 16, 17, 19, 21, 22, 23, 24

§ 6103(a) ............................................................................. 12

§ 6103(e) ......................................................................... 6, 14

§ 6103(e)(1) ........................................................................ 12

§ 6103(e)(6) ........................................................................ 14

§ 6103(e)(7) ................................................................... 12, 14

§ 6103(p) ............................................................................. 14

28 U.S.C.:

§ 1291 .................................................................................... 2

§ 1331 ...................................................................... 7, 9, 10

§ 2107(b) ............................................................................... 2

Pub. L. No. 94–455, § 1202(a), 90 Stat 1520, 1667
(1976) ................................................................................. 14

**Miscellaneous:**                                                   **Page(s)**

Fed. R. App. P. 4(a)(1)(B) ................................................................ 2

Fed. R. Civ. P. 12(b)(1) ............................................................ 9, 11

Fed. R. Civ. P. 12(b)(6) ........................................................ 9, 11, 25

-xi-

# GLOSSARY

| | |
|---|---|
| AA | Amicus Appendix |
| Amicus | Anthony F. Shelley, amicus in support of appellant |
| Am. Br. | Amicus brief filed by Anthony F. Shelley, amicus in support of appellant |
| APA | Administrative Procedure Act, 5 U.S.C. §§ 701–706 |
| FOIA | Freedom of Information Act, 5 U.S.C. § 552 |
| IRS | Internal Revenue Service |
| SA | Supplemental Appendix |

[ORAL ARGUMENT NOT SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 22-5200

WILLIAM E. POWELL,

Plaintiff-Appellant

v.

JANET L. YELLEN, in her official capacity as Secretary of the
Department of the Treasury, UNITED STATES DEPARTMENT
OF THE TREASURY, INTERNAL REVENUE SERVICE, and
DANIEL I. WERFEL, in his official capacity as Commissioner of
the Internal Revenue Service,

Defendants-Appellees

———————————

ON APPEAL FROM THE ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

———————————

ANSWERING BRIEF FOR APPELLEES

———————————

STATEMENT OF JURISDICTION

William Powell filed this action in the District Court seeking to

compel the production of tax records that he alleged appellees had

wrongfully failed to produce in response to his requests.  (AA12–20.)[2]

———————————

[2] "AA" references are to the appendix filed by the amicus curiae.
"Am. Br." references are to the corrected amicus brief.  "SA" references
are to the supplemental appendix filed by the appellees.

-2-

On June 30, 2022, the District Court issued a final order granting

appellees' motion to dismiss the complaint for lack of subject matter

jurisdiction.  (AA06–11.)  On July 18, 2022, within 60 days of the order,

Powell timely filed a notice of appeal.  (AA21.)  *See* 28 U.S.C. § 2107(b);

Fed. R. App. P. 4(a)(1)(B).  This Court has jurisdiction under 28 U.S.C.

§ 1291.

## STATUTES AND REGULATIONS

The relevant statutes and regulations are reproduced in the

addendum bound with this brief.

## STATEMENT OF THE ISSUE

Powell filed this action seeking to compel the production of tax

records from the Internal Revenue Service pursuant to 26 U.S.C.

§ 6103.  The District Court dismissed his complaint because "§ 6103

does not provide an independent cause of action" for the production of

tax records, which the court ruled must be sought instead under the

Freedom of Information Act—a route Powell elected not to pursue.

Powell argues on appeal that his complaint was improperly dismissed

because he has a valid cause of action under the Administrative

Procedure Act to enforce his alleged rights of disclosure under § 6103.

The issue on appeal is whether the Freedom of Information Act provides an adequate remedy that precludes a cause of action under the Administrative Procedure Act to compel the production of tax records under 26 U.S.C. § 6103.

## STATEMENT OF THE CASE

### A.    The Complaint

William Powell has filed many prior lawsuits against the Internal Revenue Service seeking to compel the production of various tax records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.[3]  Apparently unsatisfied with the outcome in those cases, Powell's complaint in this case employed a different tactic, seeking the production of tax records instead under Section 6103 of the Internal Revenue Code (26 U.S.C.).  (AA12–20.)  He named as

---

[3] *See Powell v. IRS*, No. 14-cv-12626, 2015 WL 5271943 (E.D. Mich. Sept. 9, 2015); *Powell v. IRS*, No. 15-cv-11033, 2016 WL 7473446 (E.D. Mich. Dec. 29, 2016); *Powell v. IRS*, No. 15-cv-11616, 2016 WL 5539777 (E.D. Mich. Sept. 30, 2016); *Powell v. IRS*, No. 16-cv-1682, 280 F. Supp. 3d 155 (D.D.C. 2017); *Powell v. IRS*, No. 17-cv-278, 2019 WL 4247246 (D.D.C. Sept. 6, 2019); *Powell v. IRS*, No. 18-cv-453, 2019 WL 1980973 (D.D.C. May 3, 2019); *Powell v. IRS*, No. 18-cv-2675, 2021 WL 1061528 (D.D.C. Mar. 18, 2021); *Powell v. IRS*, No. 21-cv-2838, 2022 WL 4009971 (D.D.C. Aug. 29, 2022), *aff'd*, No. 22-5232, 2023 WL 3729964 (D.C. Cir. May 31, 2023).

-4-

defendants the Department of the Treasury, its Secretary (in her official capacity), the IRS, and its Commissioner (in his official capacity); and he amended his complaint twice, making his second amended complaint the operative one.  (SA3–4.)  Powell's second amended complaint cited to and emphasized 26 U.S.C. § 6103 as the sole basis for his action, without invoking FOIA or the Privacy Act.  (AA12–20.)

Before bringing this action, Powell had filed a similar suit against the IRS seeking tax records solely under § 6103.  In that case, Judge Boasberg (who also presided over the district court proceedings in this case) dismissed Powell's claim, explaining that § 6103 "does not provide an independent basis for compelling the disclosure of tax-return records," but rather "operates as part of the larger Freedom of Information Act framework."  *Powell v. IRS*, No. 16-cv-1682, 2017 WL 2799934, at *1 (D.D.C. Jan. 24, 2017) (cleaned up).  The court explained that "[t]o invoke the jurisdiction of a federal district court, requests for tax-return information thus must comply with the procedures set forth under FOIA."  *Id*.  Although the court dismissed Powell's § 6103 claim in that case, it did so without prejudice to allow him to file an amended complaint under FOIA.  *Id*.  Powell did so, and his FOIA claim was later

-5-

adjudicated by the court.[4]  *See Powell v. IRS*, No. 16-cv-1682, 280 F. Supp. 3d 155 (D.D.C. 2017).

When Powell later filed his second amended complaint in this case, in which he again invoked § 6103, government counsel reminded him of the earlier ruling and dismissal of his stand-alone § 6103 claim in his previous case.  (SA12–14.)  Government counsel advised that the defendants would again move to dismiss unless, in the interest of judicial efficiency, Powell wished to file an amended complaint under FOIA or the Privacy Act.  (SA12.)  Powell declined the invitation. (SA12.)

The defendants then moved to dismiss Powell's second amended complaint for lack of subject matter jurisdiction, arguing that "there is no right to relief for access to agency records under 26 U.S.C. § 6103." (SA7.)  Powell opposed the motion, asserting that he had "submitted

---

[4] In another related suit by Powell, Judge Boasberg again reiterated in several court orders that § 6103 does not provide an independent cause of action for the production of tax records.  *See Powell v. IRS*, No. 18-cv-2675, 2020 WL 3605774, at *5 (D.D.C. July 2, 2020), *reconsideration denied*, 2020 WL 7024856, at *3 (D.D.C. Nov. 30, 2020); *Powell v. IRS*, No. 18-cv-2675, 2020 WL 7024229, at *3 (D.D.C. Nov. 30, 2020); *Powell v. IRS*, No. 18-cv-2675, 2021 WL 1061528, at *3 (D.D.C. Mar. 18, 2021).

-6-

several requests for tax returns and transcripts . . . under 26 U.S.C.

§ 6103(e)" and that the defendants had improperly refused to process

his requests "using the protocol and procedures under 26 U.S.C.

§ 6103(e)." (SA16–17) (cleaned up).  Powell did not attempt to bring his

claims under FOIA or the Privacy Act, but instead maintained that he

was entitled to production under § 6103(e).  (SA16–23.)

### B.    The District Court's opinion

The District Court (Judge Boasberg) granted the defendants'

motion to dismiss Powell's second amended complaint for lack of subject

matter jurisdiction.  (AA06–10.)  Citing its opinion in Powell's earlier

case asserting a § 6103 claim, the court reiterated that "Section 6103

does not provide an independent basis for subject matter jurisdiction

over claims seeking the disclosure of return information" and that, to

invoke the court's jurisdiction, a plaintiff must comply with the

procedures set forth under the Freedom of Information Act.  (AA08–09.)

The court noted that Powell "does not contest this legal conclusion, nor

does he seek to bring his claims under the Freedom of Information Act."

(AA09.)  Accordingly, the District Court held that it "[did] not have the

authority to adjudicate a claim brought exclusively under 26 U.S.C.

-7-

§ 6103[,] and as Plaintiff does not allege an alternative basis for relief, the Court lacks subject-matter jurisdiction." (AA09.)  The court entered a separate order granting the defendants' motion and dismissing Powell's case without prejudice.  (AA11.)

## C.    The appellate proceedings before this Court

Powell appealed.  (AA21.)  After initial briefing by the parties on appeal, this Court, on its own motion, appointed amicus curiae to present arguments in support of appellant's position.  Per Curiam Order (Feb. 1, 2023).  While not otherwise limiting the amicus brief, the Court directed amicus to address "whether 28 U.S.C. § 1331 provided the district court subject matter jurisdiction and, if so, whether appellant's complaint stated a claim upon which relief could be granted." *Id*.

Amicus curiae filed an opening brief arguing that 28 U.S.C. § 1331 provided the District Court subject matter jurisdiction and that Powell had stated a valid claim under the Administrative Procedure Act to enforce 26 U.S.C. § 6103.  Powell filed a notice with the Court stating that he joined in the amicus brief in lieu of filing his own brief.  Notice (Apr. 14, 2023); *see also* Scheduling Order (Feb. 1, 2023).

-8-

## SUMMARY OF ARGUMENT

The District Court correctly dismissed Powell's case. Appellees now maintain, however, that dismissal should have been based on the complaint's failure to state a claim upon which relief could be granted (rather than for lack of subject matter jurisdiction), and this Court may properly affirm on that basis.

Powell's sole argument on the merits is that he stated a valid cause of action under the Administrative Procedure Act to enforce his alleged right to disclosure under 26 U.S.C. § 6103. But this Court's precedent establishes that claims for the disclosure of tax records are governed by FOIA—not § 6103—and must therefore be brought pursuant to FOIA's provisions. Because FOIA provided Powell an adequate remedy for seeking the disclosure of tax records, including de novo judicial review of the IRS's action, APA review is barred. Powell's argument (made through amicus curiae) that FOIA applies only at the administrative level, after which § 6103 and the APA provide the sole cause of action for judicial review, finds no support in, and indeed is foreclosed by, this Court's precedent.

-9-

The District Court's order dismissing this action should be affirmed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## ARGUMENT

**This Court should affirm the District Court's dismissal of the complaint because Powell failed to state a claim upon which relief can be granted under 26 U.S.C. § 6103 and the Administrative Procedure Act**

### Standard of Review

This Court reviews de novo the District Court's grant of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011). Nonetheless, this Court may affirm an improper dismissal for lack of jurisdiction "if dismissal were otherwise proper based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Trudeau v. Federal Trade Commission*, 456 F.3d 178, 187 (D.C. Cir. 2006) (quoting *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

_____

Powell argues on appeal that 28 U.S.C. § 1331 provided the District Court subject matter jurisdiction and that he stated a valid

-10-

claim under the Administrative Procedure Act ("APA") to enforce his alleged right to the disclosure of tax records under 26 U.S.C. § 6103.[5] (Am. Br. 8–10, 24.)  Although appellees now agree that 28 U.S.C. § 1331 provided the District Court jurisdiction and that 5 U.S.C. § 702 waived sovereign immunity for Powell's nonmonetary claims against the defendants in this case, *see Trudeau v. Federal Trade Commission*, 456 F.3d 178, 185–86 & n.11 (D.C. Cir. 2006), this Court's precedent nonetheless forecloses any cause of action for the disclosure of tax records brought under 26 U.S.C. § 6103 and the APA.  Under this Court's precedent, and as the District Court held, claims for the disclosure of tax records must be brought under FOIA, *Maxwell v. Snow*, 409 F.3d 354, 357–58 (D.C. Cir. 2005); *Church of Scientology of California v. IRS*, 792 F.2d 146, 148–50 (D.C. Cir. 1986), and Powell elected not to go that route here.  Because FOIA provides an adequate remedy for seeking the disclosure of tax records, review under the APA is barred.  5 U.S.C. § 704; *Electronic Privacy Info. Center v. IRS*, 910

---

[5] References in this brief to Powell's arguments are to the arguments in the amicus curiae's corrected brief filed on May 1, 2023, in which Powell joined rather than file his own brief.  *See* Notice (Apr. 14, 2023); Scheduling Order (Feb. 1, 2023).

F.3d 1232, 1244 (D.C. Cir. 2018); *see also Citizens for Responsibility &*
*Ethics in Washington v. U.S. Dep't of Justice*, 846 F.3d 1235, 1244–46
(D.C. Cir. 2017).  Therefore, although the District Court's dismissal of
the complaint for lack of subject matter jurisdiction under Federal Rule
of Civil Procedure 12(b)(1), specifically, appears to have been in error,
this Court may properly affirm the dismissal pursuant to Federal Rule
of Civil Procedure 12(b)(6) for failure to state a claim upon which relief
can be granted.  *Trudeau*, 456 F.3d at 187 (citing cases); *see also*
*Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010).

## A.    The relevant statutory framework

The Freedom of Information Act "vests the public with a broad
right to access government records." *Electronic Privacy Info. Center*,
910 F.3d at 1235; *see* 5 U.S.C. § 552(a)(3)(A).  FOIA also authorizes
judicial review, empowering the federal district courts to "enjoin the
agency from withholding agency records and to order the production of
any agency records improperly withheld from the complainant."
5 U.S.C. § 552(a)(4)(B).  But, recognizing that public disclosure is not
always in the public interest, Congress exempted nine categories of
material from disclosure under FOIA.  *Center for Nat'l Security Studies*

-12-

*v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003); 5 U.S.C.

§ 552(b)(1)–(9).  If the material requested falls within one of these

exemptions, FOIA's disclosure requirement "does not apply."  5 U.S.C.

§ 552(b).  As relevant here, exemption 3 allows an agency to withhold

records "specifically exempted from disclosure by statute" if the statute

meets certain criteria.  5 U.S.C. § 552(b)(3).

Section 6103 of the Internal Revenue Code (invoked by Powell)

prohibits the disclosure of tax returns and return information except in

specified circumstances, such as where an individual requests

inspection of his own return or return information.  26 U.S.C. § 6103(a),

(e)(1), (e)(7).  As a "nondisclosure statute," § 6103 functions "entirely

harmonious[ly]" with FOIA in that it "gives rise to an exemption under

Exemption 3, 5 U.S.C. § 552(b)(3)."  *Church of Scientology*, 792 F.2d at

149, 150; *see also Electronic Privacy Info. Center*, 910 F.3d at 1237; *Tax

Analysts v. IRS*, 117 F.3d 607, 611 (D.C. Cir. 1997) ("That § 6103 is the

sort of nondisclosure statute contemplated by FOIA exemption 3 is

beyond dispute.").  At the same time, the exceptions to nondisclosure

under § 6103 "allow the IRS to disclose certain tax records, which

-13-

records, in turn, are subject to FOIA." *Electronic Privacy Info. Center*, 910 F.3d at 1237 (internal citation omitted).

The APA (also invoked by Powell), on the other hand, "confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]' " *Block v. Community Nutrition Inst.*, 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. § 702). But a cause of action under the APA exists "only if 'there is no other adequate remedy in a court.' " *Electronic Privacy Info. Center*, 910 F.3d at 1244 (quoting 5 U.S.C. § 704).

## B.  The APA does not provide a cause of action to enforce the production of tax records under 26 U.S.C. § 6103 because FOIA provides an adequate remedy

On appeal, Powell's sole argument on the merits is that he "stated a valid claim under the APA to enforce § 6103." (Am. Br. 24.) But this Court's precedent establishes clearly that the APA does not provide a cause of action to enforce the production of tax records under 26 U.S.C. § 6103 because FOIA provides an adequate remedy. *Church of Scientology*, 792 F.2d at 148–50; *Maxwell*, 409 F.3d at 357–58; *Electronic Privacy Info. Center*, 910 F.3d at 1244; *Citizens for Responsibility*, 846 F.3d at 1244–46.

-14-

### 1.    Section 6103 does not supersede FOIA

To begin, Powell's argument invoking § 6103 and the APA is not new.  Indeed, it is essentially the same argument that this Court rejected over 35 years ago in *Church of Scientology of California v. IRS*, 792 F.2d 146, 148–50 (D.C. Cir. 1986).  Before discussing that decision, we provide some background for context.

Section 6103 was enacted in its current form in 1976.  Pub. L. No. 94–455, § 1202(a), 90 Stat 1520, 1667 (1976).  Since then, no significant changes have been made to the provisions on which Powell relies, including § 6103(e), entitled "Disclosure to Persons Having Material Interest," and § 6103(p), entitled "Procedure and Recordkeeping."  (*See* Am. Br. 3–5.)  One of the first cases to address the relationship between § 6103 and FOIA was the district court in *Zale Corp. v. IRS*, 481 F. Supp. 486 (D.D.C. 1979).  The court concluded there that "Congress did not intend to apply the revised standards of [FOIA's] exemption three to section 6103(e)(6) [now 6103(e)(7)]."  *Id*. at 490 n.13.  The court held instead that § 6103 itself provides "the sole standard governing release of tax information" and that "[a]pplicable review criteria under the Administrative Procedure Act . . . control the judicial assessment of

-15-

IRS's action in withholding the documents sought by Zale." *Id.* at 490. The *Zale* decision thus implicitly recognized a cause of action under the APA to enforce § 6103, which is the argument Powell now makes on appeal.

*Zale* was later followed by the Sixth and Seventh Circuits. *See White v. IRS*, 707 F.2d 897, 900 (6th Cir. 1983); *King v. IRS*, 688 F.2d 488, 495–96 (7th Cir. 1982).

But this Court disagreed with those decisions. *Church of Scientology*, 792 F.2d at 149. In addressing the relation between FOIA and § 6103, this Court rejected the lower court's ruling that § 6103 superseded FOIA and provided the exclusive criteria for release of tax records "so that courts must uphold any IRS refusal to disclose under Section 6103 that is not arbitrary or capricious and does not violate the other provisions of the Administrative Procedure Act." *Id.* at 148–49. The Court explained that § 6103 is a "nondisclosure statute" that functions "entirely harmonious[ly]" with FOIA in that it "gives rise to an exemption under Exemption 3, 5 U.S.C. § 552(b)(3)." *Id.* at 149, 150. The Court observed that FOIA applies "across-the-board to many substantive programs" and that "it explicitly accommodates other laws

-16-

by excluding from its disclosure requirement documents 'specifically exempted from disclosure' by other statutes." *Id*. at 149 (quoting 5 U.S.C. § 552(b)(3)). Section 6103, on the other hand, "prohibits the disclosure of certain information," while providing some exceptions that allow for disclosure, but does not establish its own rules or procedures for disclosure. *Id*. The Court thus held that "Section 6103 does not supersede FOIA but rather gives rise to an exemption under Exemption 3," *id*. at 150, and that FOIA "establishes the procedures the IRS must follow in asserting the § 6103 (or any other) exemption," *id*. at 149.

This Court reaffirmed *Church of Scientology's* interpretation of the interplay between § 6103 and FOIA in *Maxwell v. Snow*, 409 F.3d 354 (D.C. Cir. 2005). There, the Court again rejected an attempt to compel the production of tax records under § 6103, independent of FOIA, and again held that requests for tax information are subject to FOIA and its requirements. *Id*. at 355, 357–58. This Court's interpretation of § 6103 as an exempting statute under FOIA is now the majority view among the courts of appeals, joined by the Third, Fifth, Ninth, Tenth, and Eleventh Circuits. *See Grasso v. IRS*, 785 F.2d 70, 74–75 (3d Cir. 1986); *Linsteadt v. IRS*, 729 F.2d 998, 1001–02 (5th Cir. 1984); *Long v. IRS*,

742 F.2d 1173, 1177–78 (9th Cir. 1984); *DeSalvo v. IRS*, 861 F.2d 1217, 1218–21 (10th Cir. 1988); *Currie v. IRS*, 704 F.2d 523, 526–27 (11th Cir. 1983).  As noted above, only the Sixth and Seventh Circuits have followed *Zale*.

This Court's decisions in *Church of Scientology* and *Maxwell* foreclose Powell's argument that the APA provides an independent cause of action to enforce § 6103.  As those decisions held, requests for tax returns or return information under § 6103 are governed by FOIA.

### 2.    FOIA provides an adequate remedy that precludes APA review

Powell's argument that the APA provides an independent cause of action to enforce § 6103 also fails because judicial review under the APA is available only when "there is no other adequate remedy in a court[.]" 5 U.S.C. § 704.  Here, FOIA provided an adequate remedy for Powell to compel the disclosure of any tax records improperly withheld by the IRS.

Implicit in this Court's decisions in *Church of Scientology* and *Maxwell* is that FOIA provides an adequate remedy for seeking the disclosure of tax records permitted by § 6103, thereby precluding review under the APA.  In addition, this Court has expressly held in other

cases that APA review of the IRS's refusal to disclose tax records is precluded because FOIA provides an adequate remedy within the meaning of 5 U.S.C. § 704. *See Electronic Privacy Info. Center*, 910 F.3d at 1244; *Montgomery v. IRS*, 40 F.4th 702, 716 (D.C. Cir. 2022); *cf. Citizens for Responsibility*, 846 F.3d at 1244–46 (holding there is "little doubt that FOIA offers an 'adequate remedy' within the meaning of section 704" in action seeking information from the U.S. Department of Justice under the APA).

Those decisions are controlling here. As in those cases, FOIA provided Powell with an adequate remedy for the IRS's alleged failure to disclose tax records by empowering the district courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant," 5 U.S.C. § 552(a)(4)(B). This is precisely the remedy that Powell seeks through APA review in this case. And, to preclude APA review, an alternative remedy need only offer relief of the "same genre." *El Rio Santa Cruz Neighborhood Health Center v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005). FOIA easily satisfies that standard here by offering both (1) an independent cause of

-19-

action to compel disclosure and (2) de novo judicial review of the

agency's action, which together demonstrate Congress's intent to

preclude APA review where FOIA applies. *Citizens for Responsibility*,

846 F.3d at 1245.  Indeed, if anything, FOIA's remedy is superior to

APA review because judicial review under FOIA is de novo, in contrast

to the deferential standard that applies to review of agency actions

under the APA.  *Id.*; *see also Grasso*, 785 F.2d at 73 (explaining that if

§ 6103 were the applicable provision instead of FOIA, review would not

be de novo but instead would be governed by the APA and be limited to

determining whether an action was " 'arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law' " (quoting 5 U.S.C.

§ 706(2)(A)).  Because FOIA provides an adequate remedy, APA review

is barred under 5 U.S.C. § 704.

    As was his prerogative, Powell elected not to pursue a FOIA claim

in this case, nor does he seek to do so on appeal.  Perhaps his litigation

strategy was an effort to avoid a possible collateral estoppel defense by

the government, given his prior FOIA actions seeking many or all of the

-20-

same records he seeks here.[6]  *See Powell v. IRS*, No. 18-cv-2675, 2020
WL 7024229, at *3 (D.D.C. Nov. 30, 2020) ("Powell seems to realize the
weakness of his position under FOIA, arguing that, although
'[c]ollateral [e]stoppel would be applied if [he were] trying to litigate the
same issue under the same statute . . . as [was] litigated in Plaintiff's
prior cases,' he now seeks to bring his claim under 26 U.S.C. § 6103
instead").  But, regardless of his reasons for not pursuing FOIA in this
case, this Court's precedent is clear that the availability of a remedy
under FOIA precludes the APA review that Powell now seeks on appeal.

---

[6] Powell's second amended complaint includes requests for (1) the
1989 and 1990 corporate tax returns of the Powell Printing Company
(AA13 (¶¶ 4, 5)); (2) non-master file transcripts of business entities
related to Powell, his father, and his grandfather (AA13–14 (¶¶ 6, 7));
and (3) individual and business master file transcripts for himself, his
parents, his grandfather, and related business entities (AA14–16 (¶¶ 8–
14)).  Powell, however, has previously litigated FOIA requests for the
Powell Printing Company's 1989 and 1990 corporate tax returns, *see
Powell v. IRS*, No. 14-cv-12626, 2015 WL 5271943, at *2; *Powell v. IRS*,
No. 17-cv-278, 317 F. Supp. 3d 266, 275 (D.D.C. 2018); *Powell v. IRS*,
No. 17-cv-278, 2019 WL 4247246, at *2, and for various non-master file
and master file transcripts relating to himself, his family members, and
their related businesses, *see Powell v. IRS*, 17-cv-278, 317 F. Supp. 3d
at 279 (non-master files); *Powell v. IRS*, No. 17-cv-278, 2019 WL
4247246, at *5 (same); *Powell v. IRS*, No. 18-cv-2675, 2020 WL 3605774,
at *5–6 (same); id. at *6, *10 (master files); *Powell v. IRS*, No. 18-cv-
453, 2019 WL 1980973, at *4 (same).

### 3.    Powell's bifurcation argument is meritless

Relying largely on this Court's decision in *Lake v. Rubin*, 162 F.3d

113 (D.C. Cir. 1998), Powell interprets this Court's precedent as

establishing a bifurcated scheme in which FOIA applies only to the

IRS's internal processing of disclosure requests at the administrative

level, but that any judicial review of the agency's action is governed

solely by § 6103 and the APA, which displaces FOIA after litigation

commences.  (Am. Br. 18 ("FOIA controls the IRS's internal processing

of requests for a taxpayer's own records, but § 6103 . . . is the

foundation for enforcement in court."); Am. Br. 19 ("FOIA procedures

governed the IRS's *processing* of [Powell's] requests for returns and

return information; however, the dispute is not proceeding now within

the IRS but in court.  When enlisting the judiciary's assistance,

individuals seeking return information must do so pursuant to § 6103 of

the Internal Revenue Code.") (quotes and ellipses omitted).)

This bifurcated scheme advocated by Powell (through the amicus

curiae) finds no support whatsoever in this Court's precedent.  To the

contrary, this Court's decision in *Church of Scientology* established

plainly that FOIA governs all requests for the disclosure of tax records,

both at the administrative level and for any judicial review of the

agency's action. Indeed, the crux of the parties' dispute in *Church of*

*Scientology* was whether the IRS's decision to withhold documents in

that case was subject to de novo judicial review under FOIA or to the

APA's more deferential standard of review. 792 F.2d at 148–49. This

Court held that FOIA governed, "plac[ing] upon the IRS the burden of

sustaining its claimed exemption in de novo judicial review." *Id.* at 150.

The *Church of Scientology* opinion then reinforced that FOIA provides a

judicial remedy by going on to evaluate whether the requirements of

FOIA were satisfied and whether the IRS had sufficiently justified its

search actions. *Id.* at 150–53 (analyzing the IRS's search methodology

before vacating and remanding for further proceedings).[7] Thus, *Church*

*of Scientology* holds that a taxpayer requesting disclosures must

proceed under FOIA and that de novo judicial review applies to the

agency's action under FOIA.

---

[7] The Supreme Court has also treated § 6103 as a FOIA
exemption. *Church of Scientology of California v. IRS*, 484 U.S. 9, 18
(1987) (holding that redacting identifying information "would not
deprive [the material] of protection under § 6103" and thus such records
need not be produced under FOIA).

-23-

This Court's decision in *Lake* did not disturb that precedent. As this Court explained in *Maxwell*, the panel's decision in *Lake* could not have overruled this Court's earlier decision in *Church of Scientology*. *See Maxwell*, 409 F.3d at 358 ("[W]e must read *Lake* and *Church of Scientology* together and not assume . . . that *Lake* overruled *Church of Scientology*" because, "[i]n fact, it could not have done so[.]"). And in any event, *Lake* held only that § 6103 displaced the Privacy Act, stating that "individuals seeking 'return information' . . . must do so pursuant to § 6103 of the Internal Revenue Code, rather than the Privacy Act." *Lake*, 162 F.3d at 116. But the Privacy Act is not at issue in this appeal. Moreover, *Lake* did not address the interplay between FOIA and § 6103, and its holding therefore has no impact on the issue now before this Court.[8]

_____

[8] In holding that § 6103 displaced the Privacy Act, the *Lake* decision endorsed the Seventh Circuit's similar decision in *Cheek v. IRS*, 703 F.2d 271 (7th Cir.1983), which in turn relied heavily on the Seventh Circuit's prior precedent in *King v. IRS*, 688 F.2d 488 (7th Cir.1982) (following *Zale* and holding that § 6103 superseded FOIA). *See Lake*, 162 F.3d at 115–16. However, in *Church of Scientology*, a decision that preceded *Lake*, this Court expressly declined to follow the Seventh Circuit's decision in *King*. 792 F.2d at 149. *Lake* did not cite to or mention *Church of Scientology*.

-24-

Powell also suggests that the Privacy Act (displaced by § 6103 in the tax arena), not FOIA, applies when an individual seeks records about himself.  (*See* Am. Br. 18.)  But this Court has already rejected that argument too.  *Maxwell*, 409 F.3d at 357 ("Appellants also claim, without citing any support, that FOIA requirements cannot be applicable to their requests for personal information, but only to requests for public information.  All of these arguments fail, for the reasons already articulated by the District Court.").

-25-

# CONCLUSION

The District Court's order dismissing Powell's second amended complaint should be affirmed, albeit on a different ground than that relied upon by the District Court, because the complaint failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Matthew S. Johnshoy

| | |
|---|---|
| JACOB CHRISTENSEN | (202) 307-0878 |
| MATTHEW S. JOHNSHOY | (202) 616-1908 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
MATTHEW M. GRAVES
  *United States Attorney*

JUNE 16, 2023

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

     1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [X]   this document contains <u>4,863</u> words, or

    [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

     2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, or

    [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)  <u>/s/ Matthew Johnshoy    </u>

Attorney for appellees

Dated:  June 16, 2023

# ADDENDUM

## TABLE OF CONTENTS

**Page**

**Internal Revenue Code of 1986 (26 U.S.C.)**

§ 6103 (excerpts) ............................................................... 28

**Other Statutes**

5 U.S.C. § 552 (excerpts) ................................................. 34

5 U.S.C. § 702 ................................................................... 39

5 U.S.C. § 704 ................................................................... 39

5 U.S.C. § 706 ................................................................... 40

-28-

**Internal Revenue Code of 1986 (26 U.S.C.)**

**§ 6103. Confidentiality and disclosure of returns and return information**

**(a) General rule**
    Returns and return information shall be confidential, and except as authorized by this title—

    (1) no officer or employee of the United States,
    (2) no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(1)(C) or (7)(A), any local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and
    (3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

*     *     *

**(c) Disclosure of returns and return information to designee of taxpayer**
    The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a request for or consent to

-29-

such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person. However, return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration. Persons designated by the taxpayer under this subsection to receive return information shall not use the information for any purpose other than the express purpose for which consent was granted and shall not disclose return information to any other person without the express permission of, or request by, the taxpayer.

\*      \*      \*

**(e) Disclosure to persons having material interest**
  **(1) In general**
       The return of a person shall, upon written request, be open to inspection by or disclosure to—
       (A) in the case of the return of an individual—
         (i) that individual,
         (ii) the spouse of that individual if the individual and such spouse have signified their consent to consider a gift reported on such return as made one-half by him and one-half by the spouse pursuant to the provisions of section 2513; or
         (iii) the child of that individual (or such child's legal representative) to the extent necessary to comply with the provisions of section 1(g);
       (B) in the case of an income tax return filed jointly, either of the individuals with respect to whom the return is filed;
       (C) in the case of the return of a partnership, any person who was a member of such partnership during any part of the period covered by the return;
       (D) in the case of the return of a corporation or a subsidiary thereof—
         (i) any person designated by resolution of its board of directors or other similar governing body,

-30-

  (ii) any officer or employee of such corporation upon written request signed by any principal officer and attested to by the secretary or other officer,

  (iii) any bona fide shareholder of record owning 1 percent or more of the outstanding stock of such corporation,

  (iv) if the corporation was an S corporation, any person who was a shareholder during any part of the period covered by such return during which an election under section 1362(a) was in effect, or

  (v) if the corporation has been dissolved, any person authorized by applicable State law to act for the corporation or any person who the Secretary finds to have a material interest which will be affected by information contained therein;

(E) in the case of the return of an estate—

  (i) the administrator, executor, or trustee of such estate, and

  (ii) any heir at law, next of kin, or beneficiary under the will, of the decedent, but only if the Secretary finds that such heir at law, next of kin, or beneficiary has a material interest which will be affected by information contained therein; and

(F) in the case of the return of a trust—

  (i) the trustee or trustees, jointly or separately, and

  (ii) any beneficiary of such trust, but only if the Secretary finds that such beneficiary has a material interest which will be affected by information contained therein.

**(2) Incompetency**

 If an individual described in paragraph (1) is legally incompetent, the applicable return shall, upon written request, be open to inspection by or disclosure to the committee, trustee, or guardian of his estate.

**(3) Deceased individuals**

 The return of a decedent shall, upon written request, be open to inspection by or disclosure to—

  (A) the administrator, executor, or trustee of his estate, and

  (B) any heir at law, next of kin, or beneficiary under the will, of such decedent, or a donee of property, but only if the Secretary finds that such heir at law, next of kin, beneficiary, or

donee has a material interest which will be affected by information contained therein.

**(4) Title 11 cases and receivership proceedings**

If—

(A) there is a trustee in a title 11 case in which the debtor is the person with respect to whom the return is filed, or

(B) substantially all of the property of the person with respect to whom the return is filed is in the hands of a receiver,

such return or returns for prior years of such person shall, upon written request, be open to inspection by or disclosure to such trustee or receiver, but only if the Secretary finds that such trustee or receiver, in his fiduciary capacity, has a material interest which will be affected by information contained therein.

**(5) Individual's title 11 case**

**(A) In general**

In any case to which section 1398 applies (determined without regard to section 1398(b)(1)), any return of the debtor for the taxable year in which the case commenced or any preceding taxable year shall, upon written request, be open to inspection by or disclosure to the trustee in such case.

**(B) Return of estate available to debtor**

Any return of an estate in a case to which section 1398 applies shall, upon written request, be open to inspection by or disclosure to the debtor in such case.

**(C) Special rule for involuntary cases**

In an involuntary case, no disclosure shall be made under subparagraph (A) until the order for relief has been entered by the court having jurisdiction of such case unless such court finds that such disclosure is appropriate for purposes of determining whether an order for relief should be entered.

**(6) Attorney in fact**

Any return to which this subsection applies shall, upon written request, also be open to inspection by or disclosure to the attorney in fact duly authorized in writing by any of the persons described in paragraph (1), (2), (3), (4), (5), (8), or (9) to inspect the return or receive the information on his behalf, subject to the conditions provided in such paragraphs.

**(7) Return information**

Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration.

**(8) Disclosure of collection activities with respect to joint return**

If any deficiency of tax with respect to a joint return is assessed and the individuals filing such return are no longer married or no longer reside in the same household, upon request in writing by either of such individuals, the Secretary shall disclose in writing to the individual making the request whether the Secretary has attempted to collect such deficiency from such other individual, the general nature of such collection activities, and the amount collected. The preceding sentence shall not apply to any deficiency which may not be collected by reason of section 6502.

**(9) Disclosure of certain information where more than 1 person subject to penalty under section 6672**

If the Secretary determines that a person is liable for a penalty under section 6672(a) with respect to any failure, upon request in writing of such person, the Secretary shall disclose in writing to such person—

(A) the name of any other person whom the Secretary has determined to be liable for such penalty with respect to such failure, and

(B) whether the Secretary has attempted to collect such penalty from such other person, the general nature of such collection activities, and the amount collected.

**(10) Limitation on certain disclosures under this subsection**

In the case of an inspection or disclosure under this subsection relating to the return of a partnership, S corporation, trust, or an estate, the information inspected or disclosed shall not include any supporting schedule, attachment, or list which includes the taxpayer identity information of a person other than the entity making the return or the person conducting the inspection or to whom the disclosure is made.

-33-

**(11) Disclosure of information regarding status of investigation of violation of this section**

In the case of a person who provides to the Secretary information indicating a violation of section 7213, 7213A, or 7214 with respect to any return or return information of such person, the Secretary may disclose to such person (or such person's designee)—

(A) whether an investigation based on the person's provision of such information has been initiated and whether it is open or closed,

(B) whether any such investigation substantiated such a violation by any individual, and

(C) whether any action has been taken with respect to such individual (including whether a referral has been made for prosecution of such individual).

\*    \*    \*

**Other Statutes**

**5 U.S.C. § 552. Public information; agency rules, opinions, orders, records, and proceedings**

(a) Each agency shall make available to the public information as follows:

\*       \*       \*

(3)(A) Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

(B) In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section.

(C) In responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system.

(D) For purposes of this paragraph, the term "search" means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request.

(E) An agency, or part of an agency, that is an element of the intelligence community (as that term is defined in section 3(4) of the National Security Act of 1947 (50 U.S.C. 401a(4))) shall not make any record available under this paragraph to—

-35-

(i) any government entity, other than a State, territory, commonwealth, or district of the United States, or any subdivision thereof; or

(ii) a representative of a government entity described in clause (i).

(4)

\*       \*       \*

(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).

\*       \*       \*

(6)(A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—

(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of—

(I) such determination and the reasons therefor;

(II) the right of such person to seek assistance from the FOIA Public Liaison of the agency; and
(III) in the case of an adverse determination—

>(aa) the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination; and
>(bb) the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services; and

(ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

The 20-day period under clause (i) shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section. The 20-day period shall not be tolled by the agency except—

>(I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section; or
>(II) if necessary to clarify with the requester issues regarding fee assessment. In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

\*    \*    \*

(b) This section does not apply to matters that are—

(1)(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(2) related solely to the internal personnel rules and practices of an agency;

(3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute—

(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or
(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and
(B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted

-38-

invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(9) geological and geophysical information and data, including maps, concerning wells.

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made.

\*     \*     \*

## 5 U.S.C. § 702. Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

## 5 U.S.C. § 704. Actions reviewable

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

-40-

**5 U.S.C. § 706. Scope of review**

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>> (B) contrary to constitutional right, power, privilege, or immunity;
>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>> (D) without observance of procedure required by law;
>> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.